The opinion of the court was delivered by
McEneey, J.
The plaintiff held a mortgage on the Hermitage plantation, the property of defendants, and proceeded to foreclose the same. While the property was under seizure, and about to be *396 sold, an agreement was entered into between plaintiff and defendants, by which the latter gained two years’ time, in annual instalments, to pay the mortgage debt.
The contract was made in the form of a sale a remere. The defendants leased the property conveyed to plaintiff by them. The plaintiff also agreed to furnish the defendants supplies for the year. The defendants failing to pay for the supplies, and the rent, the plaintiff proceeded against them by writs of sequestration, provisional seizure and attachment.
The defendants deny plaintiff’s right to sue for the rent, as he is not the owner of the Hermitage plantation.
They contend that the contract entered into by them with plaintiff was not a sale of said plantation with the right of redemption, but a pigniorative contract, by which the plantation was conveyed to plaintiff as security for the mortgage debt. He also prayed that if the sale should be considered one a remere that it be declared null and void for lesion. The defendants also plead in reconvention as damages'the sum of $2100.
There was judgment for the plaintiff on his original, and for defendant on his reconventional demand, setting aside the sale for lesion. There was no evidence offered on the reconventional demand for damages, and it may be considered as having been abandoned.
We are without jurisdiction ratione materias of the principal demand, and will therefore confine ourselves to the interpretation of the contract, purporting to be a sale a remere entered into between the' parties.
The deed from defendants to plaintiff declares the price to be $1354.46. The vendors reserve the right to redeem the property on repaying the above sum, one-half on the 1st of January, 1889, and the balance 1st of January, 1890. In the default of payment on the 1st of January, 1889, the right of redemption is to be forfeited.
If the price had been payable at one time, or at different times without forfeiture, until the last payment, at which period, in default of payment, the right to redeem would cease to exist, the contract would have had all the essential features of a sale A remere.
The right of redemption is an agreement by which the vendor reserves to himself the power of taking back the thing sold by returning the price paid for it. R. C. C. 2567.
*397 The price can not be divided so as to forfeit the property and destroy the right of redemption on a failure to pay the first instalment when due. The time fixed for the exercise of the right of redemption must be rigidly adhered to. It can not be prolonged. R. O. O. 2569.
The contract under consideration declared the forfeiture of the redemption on the failure of defendants to meet the first payment, a part of the alleged price, January 1, 1889. If enforced the plaintiff would get the property for one-half the price agreed upon, and the provisions of Art. 2567, R. O. C., defining the right of redemption, would be violated and destroyed.
In this case the price agreed upon bears no proportion to the value of the plantation. The District Judge thought it so inadequate that he set the sale aside for lesion.
We think he was correct in his estimate of the value of the Hermitage plantation. We do not agree with him, however, in his construction of the contract.
Prom the insufficiency of the sum stated as the price, and it being the mortgage debt with interest and costs, the peculiar feature of dividing the payment for the return of the price, and declaring the forfeiture on the failure to pay the first instalment, we are of the opinion that the contract is pigniorative in character and the property was placed in the possession of the creditor for the purpose of securing the debt due by defendants to plaintiff. It comes under the definition of an antichresis. R. O. 3176.
The creditor took possession of the property as a pledge for a debt due him. He immediately leased it to the debtor and thus reaped the revenues of the thing given to him in pledge.
He could not become the owner on failure of defendants to make the first payment, and the clause to this effect in the contract is a nullity. He has the right, however, to have the pledged immovable, the Hermitage plantation, seized and sold to pay his debt. R. O. O. 3179.
The amount due for rent, if collected, must be imputed to the interest, if any is due the creditor; if not, then to the reduction of the principal. v
The plaintiff’s the Hermitage plantation for the debt for which it was given to him in pledge is not destroyed by it, and he can still enforce the same, if it has been preserved on the property. R. O. O. 3181.
*398 It is therefore ordered, adjudged and decreed that that part of the judgment appealed, and over which we have jurisdiction, which decreed the nullity of the sale on account of lesion be avoided and reversed. And it is now ordered, adjudged and decreed that there be judgment, in favor of the defendants, decreeing the contract entered into between plaintiff and defendants, by which the Hermitage plantation was delivered into the possession of the plaintiff to secure an indebtedness of $1354.46, to be a contract of pledge of said property to secure said sum, reserving to plaintiff the right to proceed under Art. 3179, R. O. C., to enforce the payment of his debt, or to enforce his mortgage right on said pledged Hermitage plantation, if the same has been preserved thereon.
It is further ordered that the reconventional demand of defendants for damages be dismissed, the appellant to pay costs of appeal.